THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUFTHANSA TECHNIK, | CASE NO. C17-1453-JCC |
| Petitioner, | ORDER |
| v. | |
| PANASONIC AVIONICS CORPORTATION, | |
| Respondent, | |
| ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP. | |
| Intervenor. | |

This matter comes before the Court on Astronics Advanced Electronic Systems Corporation's ("AES") motion to intervene (Dkt. No. 11) and Petitioner Lufthansa Technik's ("Lufthansa") motion for a scheduling order (Dkt. Nos. 2, 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS both motions for the reasons explained herein.

AES seeks to intervene in Lufthansa's § 1782 application for discovery from Panasonic Avionics Corporation ("Panasonic"), pursuant to either Federal Rule of Civil Procedure 24(a)(2) or 24(b)(2). (Dkt. No. 12 at 3.) AES and Lufthansa are engaged in patent litigation in Germany

and the United States. (*Id*. at 4.) Panasonic is an AES customer. (*Id*.) Lufthansa seeks discovery from Panasonic for use in pending and contemplated foreign litigation against AES. (Dkt. No. 1 at 3.) Panasonic supports AES's motion to intervene, and Lufthansa does "not oppose AES's intervention." (Dkt. Nos. 25 at 1, 27 at 2.)

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a "party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Courts liberally construe Rule 24(a) in favor of potential intervenors and generally accept as true allegations asserted by the proposed intervenor. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001). The Court finds that AES's motion meets each of these four requirements.[1]

First, AES's motion to intervene is timely. It was filed less than a month after Lufthansa filed its application for discovery, and Lufthansa will not suffer prejudice from a grant of intervention at this stage in the proceedings. (Dkt. No. 12 at 8); *see Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F. 3d 893, 897 (9th Cir. 2011).

Second, AES has a significant protectable interest as a "party to the underlying proceeding giving rise to a § 1782 application." (*See* Dkt. No. 12 at 9.) AES alleges that documents sought by Lufthansa will be used to establish AES's liability in pending and future litigation and may contain AES's confidential information, demonstrating sufficient practical

---

[1] The Court interprets Lufthansa's response to AES's motion as conceding that AES meets the elements of this test, as it did not oppose AES's intervention or assert substantive arguments under Rule 24(a)(2). (*See generally* Dkt. No. 27.)

ORDER
C17-1453-JCC
PAGE - 2

interest in the outcome of the matter. (*Id.*); *see Lockyer*, 450 F.3d at 441.

Third, disposition of this action "may impair or impede" AES's ability to protect its interest because a grant of Lufthansa's application would practically affect AES in its litigation with Lufthansa, and AES has no alternative forum in which to oppose the discovery. (*See* Dkt. No. 12 at 9); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 862 (9th Cir. 2016).

Finally, no current party in the action will adequately represent AES's interest in the application. AES asserts, and Lufthansa does not dispute, that Panasonic does not have the "motivation or historical knowledge of the parties' litigation" to undoubtedly assert all of AES's arguments or to provide necessary background information to the proceeding. (Dkt. No. 12 at 10); *see Arakaki*, 324 F.3d at 1086.

Therefore, the Court GRANTS AES's motion to intervene under Rule 24(a)(2) (Dkt. No. 11). Furthermore, the Court GRANTS in part Lufthansa's motion for a scheduling order (Dkt. No. 2) and accordingly sets the following briefing schedule:

| | |
|---|---|
| Panasonic's objections to the Petition | Monday, November 27, 2017 |
| AES's objections to the Petition | Monday, November 27, 2017 |
| Lufthansa's reply in support of the Petition | Friday, December 1, 2017 |

DATED this 14th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE