THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUFTHANSA TECHNIK, | CASE NO. C17-1453-JCC |
| Petitioner, | ORDER |
| v. | |
| PANASONIC AVIONICS CORP., | |
| Respondent, | |
| ASTRONICS ADVANCED ELECTRONICS SYSTEMS CORP., | |
| Intervenor. | |

This matter comes before the Court on Petitioner Lufthansa Technik AG's ("Lufthansa") application for a discovery order pursuant to 28 U.S.C. § 1782 (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

Lufthansa and Astronics Advances Electrical Systems Corporation ("AES") compete in the manufacture of power-supply systems used in aircraft cabins. (Dkt. No. 35 at 1.) The

companies are engaged in patent litigation in Germany over allegations that AES infringed Lufthansa's European patent for its "Electrical Power Supply Device" by marketing and selling its own system in Europe. (Dkt. No. 1 at 2.) In 2011, Lufthansa applied to this court for Section 1782 discovery from AES. *In re Lufthansa Technik AG*, C11-1386-JCC, Dkt. No. 1 (W.D. Wash. Jul. 22, 2011). The Court permitted discovery relating to infringement allegations, but denied discovery relating to damages. *Id*. at (Dkt. No. 21 at 7–8). This denial was based on two factors: (1) the Mannheim Court had not yet ruled on Lufthansa's request for AES production of sales-related data, and (2) the German action's damage phase—bifurcated from the infringement phase—had not yet begun. *Id*.

In February 2016, the German trial court ("the Mannheim court") found AES had infringed Lufthansa's patent and rejected AES's infringement defenses. (Dkt. No. 1 at 3.) An appellate Court affirmed this decision and denied certification of further appeal. (*Id*.) AES filed a petition to the German Federal Supreme Court seeking leave to appeal licensing issues; the petition is currently pending. (*Id*.) The damages determination has not been stayed pending resolution of AES' petition. (*Id*.)

Panasonic, an American corporation, is an AES customer that incorporates AES 110 V, in-seat power systems into its in-flight entertainment units. (Dkt. No. 1 at 5.) AES delivers its power systems to Panasonic's facility in Bothell, Washington, where Panasonic incorporates them into in-flight entertainment units, many of which are installed on Airbus aircraft in Europe. (*Id*.) AES also delivers power systems directly to Panasonic in Germany. (Dkt. No. 1 at 23.)

Lufthansa's present section 1782 petition seeks discovery from Panasonic's facility in Bothell for use in the damages stage of the German litigation and in contemplated infringement actions in France, Spain, the United Kingdom, and Japan. (*Id*. at 3–4.) The Court has granted AES's status as an intervenor in this action. (Dkt. No. 34.) AES provided briefing in opposition to Lufthansa's petition.

//

## II. DISCUSSION

### A. Section 1792 Statutory Requirements

A party to a foreign proceeding may seek discovery in the United States pursuant to 28 U.S.C. section 1782. This statute provides that a federal district court "may order" a person residing or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782(a).The "proceeding" for which section 1782 discovery is sought "must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004).

Here, the basic requirements of the statute are met. First, Panasonic is based in this district, and the parties appear to agree that a substantial number of the requested documents are located in this district. Second, the petition relates to Lufthansa's Mannheim action and contemplated proceedings in other foreign tribunals. Panasonic argues that Lufthansa's "contemplated proceedings" are speculative. (Dkt. No. 35 at 4.) But the Court finds them "within reasonable contemplation." After obtaining a favorable judgment in Germany, it is reasonable that Lufthansa would explore actions based on the same or similar patents in other countries. Finally, Lufthansa is an "interested person" for the purposes of the statute. *See id.* at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.").

### B. Discretionary Factors

A district court is not required to grant a discovery application under section 1782 simply because it has the authority to do so. *Intel Corp.*, 542 U.S. at 264. Once the statutory requirements are met, district courts have discretion to determine whether, and to what extent, to order a request for assistance under section 1782. *Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). If the district court permits discovery under the statute, it "may prescribe the practice and procedure, which may be in whole or part

the practice and procedure of the foreign country," for taking testimony or producing documents. 28 U.S.C § 1782(a).

In *Intel*, the Supreme Court provided four factors for district courts to consider in ruling on § 1782 requests: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or policies of a foreign country; and (4) whether the requests are unduly burdensome or intrusive. 542 U.S. at 264-65.

### 1. Participation in the Foreign Proceeding

The Supreme Court has cautioned that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* at 264. Naturally, the foreign tribunal can order the parties before it to produce documents or carry out other pretrial discovery as it sees fit. On the other hand, the foreign tribunal may not have jurisdiction over a nonparticipant in the foreign proceeding and may therefore lack the means to order discovery as to that entity.

Panasonic is not a participant in the foreign proceedings, but argues that Lufthansa's application is "for all intents and purposes" directed at AES, a party to the foreign suit. (Dkt. No. 35 at 3.) Panasonic argues that Lufthansa's discovery request includes information "equally available from AES," some of which AES has already produced. (*Id*.) Lufthansa responds that it seeks information from Panasonic that shows where AES's product was sent after sale to Panasonic and when and how it was integrated into aircraft. (Dkt. No. 38 at 3.) It appears from the record that this information is unique to Panasonic.

Even if AES were the true target of the petition, this factor still weighs in Lufthansa's favor. In ruling on Lufthansa's prior section 1782 application for discovery from AES, this Court

found AES's status as a participant in the German proceeding "somewhat vitiated by the jurisdictional limitations of the German court." *Lufthansa Technik AG v. Astronics Advanced Electronic Systems*, C11-1386-JCC, Dkt. No. 21 at 4 (W.D. Wash. Oct. 6, 2011). Even where the request was directed at a party to the foreign proceedings, the Court found the first *Intel* factor weighed in the petitioner's favor. Similarly here, the factor weighs in Lufthansa's favor because the documents sought are outside the jurisdiction of the German court, and Panasonic is not directly a party to the action.

    2. <u>Nature and Receptivity of the Foreign Tribunal and Character of the Foreign Proceeding</u>

The second *Intel* factor takes into account the "nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." 542 U.S. at 264. The receptivity of the foreign court must be examined in light of one of the primary goals of section 1782—to encourage foreign courts to provide similar assistance to U.S. courts. *See In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). That goal is not be served by a U.S. court granting discovery in the face of opposition from the foreign court with jurisdiction over the underlying proceedings. The Supreme Court in *Intel* did not elaborate on how to evaluate the receptivity of the foreign court, other than to caution against attempting to conduct in-depth analysis of the laws of the foreign jurisdiction. 542 U.S. at 263. In evaluating the nature of the tribunal and character of the proceedings, courts have focused on the utility of the evidence sought. *In re Ex Parte Application of Qualcomm Incorporated*, 162 F. Sup. 3d 1029, 1040 (N.D. Ca. 2016); *see also Intel*, 542 U.S. at 264.

    a. *German Action*

Lufthansa argues that receptivity weighs in its favor, citing German courts' liberal admission of evidence and the use of section 1782 discovery in other German cases. (Dkt. No. 1 at 12.) This Court repeats its 2011 admonition against conflating admissibility and receptivity. *See In re Lufthansa*, Dkt. No. 21 at 5. The Court must consider the receptivity of the Mannheim

court in the context of this proceeding. *Intel,* 542 U.S. at 264. As was the case with Lufthansa's prior petition, the court hearing the underlying action has not submitted a request for assistance or indicated it is awaiting this discovery before rendering a decision. *In re Lufthansa*, Dkt. No. 21 at 5 (citing *Kulzer v. Esschem, Inc.*, 390 Fed. Appx. 88, 92, 2010 WL 2977459, *4 (3d Cir. 2010). Nor is there evidence that the Mannheim court would object to Lufthansa's petition.

AES and Lufthansa disagree on the utility of indirect sales information to the present action. AES's attorney claims only direct infringement is at issue. (Dkt. No. 36-1 at 3.) According to his declaration, Lufthansa did not raise contributory infringement for indirect sales in its infringement action, and thus cannot use information based on third parties sales to Germany in the damages stage. (*Id.*) Lufthansa's declarant disputes this assertion, indicating that under German case law AES can be held liable for damages resulting from infringement "caused by either the Direct Deliveries or Indirect Deliveries whenever AES had knowledge of the destination of the respective products." (Dkt. Nos. 1 at 23; 38-4 at 6.) AES presents no legal basis to support its position and quotes Lufthansa's declarant out of context on this issue. (*See* Dkt. No. 36 at 9.) The Court will not analyze foreign law, but is convinced by Lufthansa's assertion that the information is useful for identifying all deliveries into Germany, establishing AES's knowledge regarding the destination of its products, and otherwise calculating damages. (*See* Dkt. No. 38 at 9.) This factor weighs in favor of granting discovery for the German action.

### b. *Contemplated Actions*

Lufthansa asserts that courts in France, Spain, the UK, and Japan are receptive to U.S. discovery assistance because U.S. courts have granted section 1782 discovery for use in these countries, and the courts are generally open to admitting the resulting evidence. (Dkt. No. 1 at 13.) But neither party presents evidence relevant to receptivity specific to these proceedings. Lufthansa indicates the requested discovery regarding AES's sales to Panasonic will be useful in determining the extent of potential infringement in these countries. (Dkt. No. 38 at 7.) However, Lufthansa fails to show how, under UK, Spanish, Japanese, or French law, information regarding

AES's knowledge of sales into the countries is useful or relevant.[1] This factor weighs against granting the full extent of Lufthansa's discovery request.

### 3. Circumvention of Foreign Proof-Gathering Restrictions

The Supreme Court also warned that a section 1782 request could conceal an attempt to circumvent foreign proof-gathering restrictions. *Intel*, 542 U.S. at 265. Although the *Intel* Court made clear that the requested material need not be discoverable under the relevant foreign law for the U.S. court to render assistance under § 1782, it did not further elaborate on what would constitute an effort to circumvent proof-gathering restrictions abroad. *Id.* at 261-62. Presumably, if the petitioner has already sought and been denied the discovery in the foreign court or otherwise seeks to bypass local procedures for obtaining discovery, an effort to obtain section 1782 discovery would run afoul of this factor.

#### a. German Action

This factor weighs in favor of granting Lufthansa's request as related to its German action. Lufthansa argues—as it did in its prior application for discovery against AES—that its request is not an attempt to circumvent proof-gathering restrictions because "Germany has no proof gathering restrictions." (Dkt. No. 1 at 13); *In re Lufthansa*, Dkt. No. 21 at 6. The Court finds here as it found then—Lufthansa's argument conflates admissibility with proof gathering and is contradicted by Lufthansa's own submissions regarding curtailed discovery under German law. *In re Lufthansa*, Dkt. No. 21 at 6–7.[2] However, restrictions on damages-related discovery applicable to Lufthansa's 2011 petition no longer apply. Lufthansa indicates that it has filed a

---

[1] Lufthansa's requests numbered 3 and 4 seek information "sufficient to show" AES "knew or should have known" that units it sold Panasonic would be installed on aircraft in the UK, France, Spain, and Japan, as well as Germany. (Dkt. No. 1 at 75.)

[2] Lufthansa's declarant repeats the statement that German procedure "does not provide a formalized means to request and subsequently obtain information from the other party" and that "there is no discovery under German law." (Dkt. No. 1 at 23–24.) Rather, a party may petition the German court for an order requiring the other party to produce specifically identified documents. (*Id.*)

1 motion regarding damages in the Mannheim Court, and the Court has granted AES a period to
2 respond, pending service. (Dkt. No. 1 at 22.) AES alleges that it has yet to be served or receive
3 information regarding the motion.[3] (Dkt. No. 36-1 at 2.) But AES does not contest that the
4 damages action can move forward despite its pending petition. Because the damages stage of the
5 action has not been stayed, the Court finds Lufthansa's request for information related to
6 damages in the German action proper.

                        *b. Contemplated Actions*

8        This factor is neutral for discovery related to contemplated actions. AES argues that
9 Lufthansa's request is premature and circumvents foreign restrictions on discovery regarding
10 damages, as the company's 2011 request did in Germany. AES's declarants represent that it is
11 common practice in the UK, France, and Japan for courts to divide infringement and damages
12 stages in patent suits, and that such division is mandated by Spanish law. (Dkt. Nos. 36-3 at 2;
13 36-4 at 1; 35-6 at 1; 36-4 at 1.) Lufthansa responds with declarations indicating that division of
14 stages is only a "procedural preference" in each country, rather than an affirmative restriction.
15 (Dkt. No. 38 at 6.) According to Lufthansa's declarants, courts in France, Japan, and Spain
16 generally allow gathering of damages information before liability has been established. (Dkt.
17 Nos. 38-1 at 3; 38-3 at 2; 36-4 at 1.) Declarants agree that UK courts typically adjudicate liability
18 before damages-related disclosure occurs, but early disclosure can be ordered by a court. (Dkt.
19 No. 38-5 at 3.) Parties dispute the likelihood of obtaining such an order. (*Compare* Dkt. No. 36 at
20 10, *with* Dkt. No. 38 at 6.) This Court again heeds the Supreme Court's admonition and declines
21 to delve into specifics of foreign law. *See Intel*, 542 U.S. at 263. It is not as clear here as it was in
22 Lufthansa's prior discovery request to this Court that the petition seeks to circumvent local
23 discovery restriction. Thus, the Court finds this factor does not weigh against granting

---

[3] The Court notes that Lufthansa's attorney in the German action states he has contacted AES's attorney twice regarding this filing, once in July 2017 and again in December 2017. Because AES's German counsel did not accept service, Lufthansa had to serve process on AES in the U.S., which can take several weeks. (Dkt. No. 38-4 at 2.)

Lufthansa's petition.

####  4. Intrusiveness of the Requests

The *Intel* Court also held that "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. The Court finds that Lufthansa's should be trimmed given the burden it places on Panasonic.

Panasonic asserts compliance with Lufthansa's request would impose a significant burden, requiring searches by separate departments of multiple databases for documents going back to 2003. (Dkt. No. 37 at 2–4.) Panasonic also argues it would have to protect and produce confidential and sensitive information, creating an additional burden. (Dkt. No. 35 at 5–6.) In weighing the burden on Panasonic, the Court takes into account Panasonic's failure to accept Lufthansa's repeated offer to meet and confer to narrow the scope of discovery. (*See* Dkt. Nos. 1 at 4, 38 at 10.) Still, the Court declines Lufthansa's invitation to enter its proposed protective order without input from Panasonic.

AES further argues, on behalf of Panasonic, that much of the requested discovery is duplicative of documents already produced or obtainable in other jurisdictions. (Dkt. No. 36 at 7.) Lufthansa asserts that its subpoena is "narrowly tailored" and seeks information both unique to Panasonic and not yet provided by AES regarding Panasonic's "purchase and use of AES's products, where the AES products were installed, and the distribution chain for those products." (Dkt. No. 38 at 2.) AES does not dispute that it has not produced complete and up-to date sales data regarding indirect deliveries, its distribution chain, the ultimate destination of parts delivered to U.S. customers, or its knowledge of these destinations. (*See* Dkt. No. 38 at 9.) The Court agrees with Lufthansa that Panasonic is uniquely positioned to provide this information. However, the Court will require Lufthansa to limit the temporal scope of its request to documents that fall within the relevant statute of limitations for patent infringement suits in each target country, measured from December 1, 2017.

Lufthansa's request also appears to seek information not uniquely held by Panasonic.

Lufthansa asserts that AES has not produced sales data regarding direct world-wide sales after 2014 and sales of its Master Control Unit into Germany. (Dkt. No. 38 at 9.) The request also seeks "specifications . . . that Airbus provided to Astronics and that are in Panasonic's possession, custody, or control." (Dkt. No. 1 at 75.) To the extent Lufthansa seeks information from Panasonic regarding AES direct sales outside the U.S. or communications between AES and Airbus, the Court finds this request unduly burdensome and more appropriately sought from AES. *See* Fed. R. Civ. P. 26(b)(2)(c). Furthermore, Lufthansa seeks documents and product samples showing how AES products operate, for all AES products Panasonic purchased from January 2014 to the present. (Dkt. No. 1 at 76.) Since this appears to be an attempt to update prior discovery obtained from AES, it should be sought from AES. The Court modifies Lufthansa's subpoena with these factors in mind.

## III. CONCLUSION

The balance of factors weigh in favor of granting Lufthansa leave to conduct discovery as to AES's U.S. sales to Panasonic for incorporation into aircraft in Germany, France, the United Kingdom, Spain, and Japan. However, the Court exercises its discretion to modify or deny requests that are unnecessarily broad, unduly burdensome, or not clearly relevant.

The Court therefore GRANTS in part and DENIES in part Lufthansa Technik's application for section 1782 discovery. (Dkt. No. 1)

The Court hereby ORDERS Lufthansa to modify its subpoena as follows:

(1) Lufthansa may seek only information regarding AES U.S. sales to Panasonic.

(2) Lufthansa must limit the temporal range of each request according to statutes of limitations for each country for which information is sought.

(3) Requests 3 and 4 must be limited to sales into Germany.

(4) Lufthansa must limit Request 7 to specifications Airbus provided to Panasonic, removing "specifications . . . the Airbus provided to Astronics and that were in Panasonic's possession, custody, or control."

(5) The Court DENIES Requests 10, 11, and 12.

The Court further ORDERS Panasonic and Lufthansa to meet and confer in order to draft a stipulated discovery protective order by January 16, 2018. If parties are unable to jointly agree on the order, each party must submit a proposed protective order by the same date.

DATED this 11th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE