THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUFTHANSA TECHNIK,<br><br>    Petitioner,<br><br>    v.<br><br>PANASONIC AVIONICS CORP.,<br><br>    Respondent,<br><br>ASTRONICS ADVANCED ELECTRONICS SYSTEMS CORP.,<br><br>    Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Lufthansa Technik's ("Lufthansa") motion to compel production and depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I. BACKGROUND

On December 11, 2017, the Court issued an order granting in part and denying in part Lufthansa's request for discovery pursuant to 28 U.S.C. section 1782 (Dkt. No. 39). Lufthansa issued a subpoena to Panasonic Avionics Corporation ("Panasonic") in compliance with

limitations set forth in the Court's order. (Dkt. No. 42 at 4.) The subpoena included a production date of January 23, 2018, but the parties agreed to relax the date to facilitate production. (*Id*.) Panasonic completed production on April 25, 2018. (Dkt. No. 44 at 4.) Lufthansa now moves to compel further production, on the basis that Panasonic produced no documents responsive to Requests 3 or 4 and its production for Requests 1, 2, and 9 "appears to omit hundreds of responsive part numbers." (*Id*. at 7.) Lufthansa asks the Court to compel production of any emails responsive to Requests 3 or 4 and documents related to "improperly excluded . . . responsive part numbers." (*Id*. at 9–10.) Lufthansa also asks the Court to order Panasonic to produce Rule 30(b)(6) witnesses for a "completeness deposition" and a "substantive deposition."

**II.    DISCUSSION**

Discovery motions are strongly disfavored. Once a court has granted discovery under section 1782, the "ordinary tools of discovery management, including Rule 26, come into play." *Heraeus Kulzer, GmbH v. Biomet, Inc*., 633 F.3d 591, 597 (7th Cir. 2011). In addressing the proportionality of discovery under Federal Rule of Civil Procedure 26, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**A.  Requests 1, 2, and 9**

Lufthansa asserts Panasonic's responses to Requests 1, 2, and 9 are incomplete because the incorrectly exclude "potentially hundreds of parts." (Dkt. No. 42.) Lufthansa bases this assertion off a parts list seized from Panasonic as part of recently filed litigation in France. (*Id*. at 9.) This "master list" includes all parts AES has sold to Panasonic. (Dkt. No. 44 at 2.) It is clear that not all part numbers contained in the master list are responsive to the specific and limited

requests set forth in the subpoena that this Court approved in its order granting discovery. (*See* Dkt. Nos. 46-1 at 5–6; 39 at 10.) To the extent it has not done so, Panasonic is ORDERED to produce responsive documents for all part numbers related to Airbus installations in the United Kingdom, France, Spain, Germany, or Japan, as provided for in the subpoena. (*See* Dkt. No. 41-6 at 5.)

**B. Requests 3 and 4**

Panasonic has produced no documents responsive to Requests 3 and 4. (Dkt. No. 44 at 6–7.) The subpoena defines "documents" to "the fullest extent permitted by Federal Rule [of] Civil Procedure 34 and case law interpreting it." (Dkt. No. 46-1 at 4.) This definition includes emails. *See Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1053 (S.D. Cal. 1999) (citing Advisory Committee Notes for Federal Rule of Civil Procedure 34 to hold that a request for "documents" includes information stored in an electronic form). Panasonic is ORDERED to produce emails that are responsive to Requests 3 and 4.

**C. Depositions**

Lufthansa asks the Court to order two depositions: one to determine the completeness of Panasonic's production, and a second to address the substance of documents already produced. (Dkt. No. 42 at 10.) Panasonic has agreed to a Rule 30(b)(6) completeness deposition with certain limitations, but seeks to delay the deposition pending the conclusion of discovery in parallel French proceedings. (Dkt. No. 44 at 10; 48 at 7.) The Court finds no reason to delay the deposition. Panasonic is hereby ORDERED to proceed with the agreed upon deposition in a timely manner, no later than 30 days from the issuance of this order.

The Court will not order a "substantive" deposition where Panasonic has offered less burdensome options to provide the information Lufthansa seeks. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); (Dkt. No. 44 at 6.) Instead, Panasonic is ORDERED to provide a declaration explaining the information presented in its parts list spreadsheet. To the extent Lufthansa requires further assistance in interpreting documents already produced, Panasonic must respond

to written requests for such information.

**III. CONCLUSION**

For the foregoing reasons, Lufthansa's motion to compel (Dkt. No. 42) is GRANTED in part and DENIED in part. The Court orders as follows:

1. Panasonic must produce documents responsive to Requests 1, 2, and 9 for all part numbers related to relevant Airbus installations in the United Kingdom, France, Spain, Germany, or Japan, as provided for in the subpoena.
2. Panasonic must produce e-mails responsive to Requests 3 and 4.
3. Panasonic must timely produce a Rule 30(b)(6) witness for a completeness deposition, no later than 30 days from the issuance of this order.
4. Panasonic must provide a declaration explaining its parts list spreadsheet and respond to written requests for further assistance interpreting documents produced.

DATED this 14th day of June 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE