UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent Panasonic Avionics Corporation for Use in Foreign Proceedings | CASE NO. C17-1453-JCC<br><br>AMENDED PROTECTIVE ORDER |

This matter comes before the Court on Petitioner's unopposed motion to amend the protective order previously entered by this Court (Dkt. No. 53). Based on the unopposed motion, the Court hereby GRANTS the motion and ENTERS the following amended protective order:

WHEREAS the disputes between these parties arise in a highly competitive industry in which constant innovation and research are necessary, that disclosure of material relating to innovation and research could cause decided competitive harm or unfair competitive advantage, and that therefore good cause exists for entry of a protective order regarding confidentiality of trade secret or nonpublic technical, commercial, financial, personal, or business information that is expected to be produced or provided in the course of discovery;

WHEREAS the applicant in this action, Lufthansa Technik AG ("Lufthansa"), recognizes that in response to its requests for discovery under 28 U.S.C. § 1782, Respondent, Panasonic Avionics Corporation ("Panasonic"), may be required to disclose such confidential or sensitive

business information;

WHEREAS such sensitive information should be treated as confidential, but not restricted in such a way as would impede Lufthansa's ability to use the discovered information to aid of the aforementioned German proceeding or Contemplated Proceedings;

NOW, THEREFORE, it is hereby ordered as follows:

**<u>Definitions</u>**

As used in this Protective Order, the following definitions apply.

1. The terms "**Panasonic**" and "**Respondent**" refer to Panasonic Avionics Corporation.

2. The terms "**Lufthansa**" and "**Petitioner**" refer to Lufthansa Technik AG.

3. The terms "**AES**" and "**Intervenor**" refer to Astronics Advanced Electronic Systems Corp.

4. The term "**German Proceedings**" refers to Civil Law Proceeding No. 7 O 289/10, before the Mannheim Regional Court, and any appeals therefrom.

5. The term "**Contemplated Proceedings**" refers to contemplated or pending proceedings relating to the rights of Lufthansa arising out of any parts or foreign counterparts of European Patent No. EP 881 145 that have been or are being considered for filing in Germany, France, Spain, the United Kingdom and/or Japan other than the German Proceedings.

6. The term "**Action**" refers to Lufthansa's § 1782 Petition to this Court (Case No. C17-1453-JCC).

7. The term "**Confidential Information**" refers to information produced by Panasonic and designated by either Panasonic or AES as "ATTORNEYS EYES ONLY" under the terms of this Protective Order.

8. The term "**Privileged Information**" refers to information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**Method of Designating Confidential Information**

9. Designation of Confidential Information should be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the phrase "ATTORNEY'S EYES ONLY."

10. Information should only be designated as Confidential Information when either Panasonic or AES in good faith believes that the information contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.

11. Except for documents produced for inspection at Panasonic's facilities or its counsel's offices, the designation of Confidential Information should be made prior to, or contemporaneously with, the production or disclosure of that information.

12. In the event that documents are produced for inspection at Panasonic's facilities or its counsel's offices, such documents may be produced for inspection before being marked "ATTORNEY'S EYES ONLY." However, once specific documents have been designated for copying, any documents containing Confidential Information should then be marked "ATTORNEY'S EYES ONLY" before delivery to Lufthansa and AES.

13. To the extent that depositions are taken, Confidential Information disclosed during the deposition may be designated by notice, but only if it is designated as "ATTORNEY'S EYES ONLY" on the record when the deposition is taken. If a party discovers after the conclusion of a deposition that it has inadvertently failed to designate the deposition testimony as "ATTORNEY'S EYES ONLY," it may designate the testimony as such by writing to counsel for the opposing parties within thirty (30) days after the conclusion of the deposition. Prior to the expiration of the thirty (30) day period, the parties shall treat the entire deposition testimony, transcript, and exhibits as if they had been designated as "ATTORNEY'S EYES ONLY."

**Inadvertent Disclosure of Confidential Information or Privileged Information**

14. If Panasonic discovers after the production of a document that it has inadvertently failed to designate the document as "ATTORNEY'S EYES ONLY," it may within thirty (30)

days after production give written notice to Lufthansa and AES that the document contains confidential material, whereupon (i) the Lufthansa and AES shall, to the extent possible, retrieve all copies of the inadvertently produced document from any person or persons in possession of such copies and return them to Panasonic; (ii) Panasonic will simultaneously provide copies of the same document with each page marked "ATTORNEY'S EYES ONLY," and (iii) thereafter the parties shall treat such document as "ATTORNEY'S EYES ONLY."

15. If AES reasonably believes that Panasonic has failed to designate information as ATTORNEYS EYES ONLY, AES shall notify Panasonic and Lufthansa of the alleged failure within 30 days of Panasonic's production of the information. Upon Lufthansa's receipt of AES's notice, both AES and Lufthansa shall destroy or return the undesignated documents and Panasonic shall provide copies of the same documents marked "ATTORNEY'S EYES ONLY." Thereafter the parties shall treat such documents as "ATTORNEY'S EYES ONLY."

16. If Lufthansa or AES believes that Panasonic may have inadvertently produced Privileged Information, they shall notify Panasonic's counsel of the potential inadvertent production within 5 business days and shall immediately sequester the potentially Privileged Information.

17. Panasonic's inadvertent production of Privileged Information shall not constitute a waiver of, and shall not otherwise prejudice any claim that such material or related material is privileged, protected as attorney work product, or is otherwise immune from discovery, provided that Panasonic notifies Lufthansa and AES in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and things and all copies thereof shall promptly be returned to Panasonic upon request. After a request for the return of the inadvertently produced documents and things is made by Panasonic, no use shall be made of such documents and things other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown or disclosed to any person who had not already been given access to them before receipt of the request to return them. No demonstration or proof of error, inadvertence,

excusable neglect, or absence of negligence shall be required of Panasonic in order to avail itself of the protection and provisions of this paragraph.

**Handling and Disclosure of Confidential Information**

18. No person shall disclose any Confidential Information under this Protective Order to any other person, except as follows:

    18.1. Disclosure may be made to counsel of record in this Action, counsel in the German Proceedings, or counsel involved in the Contemplated Proceedings who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

    18.2. Disclosure may be made to in-house counsel of the receiving party—Dr. Frank Bayer, Dr. Nikolaus Henrich and Frank Zirn for Lufthansa and Ed Sterner for AES—provided that each individual shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

    18.3. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Protective Order.

    18.4. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") who are engaged to assist in the preparation and trial of the German Proceedings or Contemplated Proceedings. Any such expert shall not be an employee of a party. Any such expert shall be identified in writing in a notice that is received by counsel for the producing party at least five (5) business days in advance of any disclosure. If, within five (5) business days after such notice is received, an objection is filed by Panasonic or AES in this

Court to such disclosure, then no such disclosure shall be made without further order of this Court. Before disclosure is made to any expert, he or she shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) indicating (a) that he or she has read and understands this Protective Order; and (b) that he or she shall be bound by the terms of the Protective Order.

18.5. Disclosure may be made to deponents and their counsel during depositions to the extent there are depositions in this Action.

18.6. Disclosure may be made to a court in the German Proceedings or Contemplated Proceedings, provided that the party making the disclosure shall give the producing party notice at least five (5) business days in advance of such disclosure. If, within five (5) business days after such notice is received, the producing party does not file a motion with this court objecting to the disclosure and showing good cause as to why the information shall be withheld, then such disclosure shall be made without further order of this court. If this Court determines that there is good cause for keeping the documents or other information sought to be disclosed confidential in the German Proceedings or Contemplated Proceedings, then the party seeking to make the disclosure in the German Proceedings or Contemplated Proceedings may not do so unless it obtains specific authorization, in advance, from this Court to do so. In evaluating such a request, this Court will consider the extent to which additional protections (beyond those contained herein) are necessary to insure confidentiality for the documents or other information in the German Proceedings or Contemplated Proceedings.

18.7. Disclosure may be made to this Court, its clerks and staff by filing Confidential Information (or any substantive reference to it in any other submission) under seal in the manner consistent with this Court's Local Rules for filing documents under seal.

18.8. Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the provision of this Protective Order requiring that the documents and information be held in confidence.

19. Except as provided in Paragraph 18, counsel for the parties (in the German Proceedings, Contemplated Proceedings, and this litigation) must keep all Confidential Information secure within their exclusive possession. Each person to whom Confidential Information is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such person of any such information. Counsel for Lufthansa and AES shall provide Panasonic's counsel with copies of all signed "Acknowledgment and Agreement to Be Bound" statements within ten (10) days of their execution.

20. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Information or any portion thereof, must be immediately affixed with the word "ATTORNEY'S EYES ONLY" if that word does not already appear.

21. To the extent that any transcripts of depositions, exhibits, or any other papers filed or to be filed with this Court in this litigation reveal or tend to reveal Confidential Information, these papers or any portion thereof must be filed under seal in accordance with this Court's procedures for filing under seal.

22. This Protective Order shall be applicable to (i) all Confidential Information, whether produced by Panasonic or any other party, non-party, or third party, pursuant to deposition notice, requests for production of documents, subpoenas, or other discovery requests, whether formal or informal, in connection with this Action, and (2) all Confidential Information provided by any party in connection with any evidentiary hearings or other proceedings conducted during the course of this Action.

23. Compliance with the terms of this Protective Order shall not be deemed an

admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents.  Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not (a) operate as an admission by any party that any document or material designated by any other party as "ATTORNEY'S EYES ONLY" contains or reflects proprietary or other confidential matter, or (b) prejudice in any way the right of any party to seek determination by the Court on notice of whether any particular document or material should be designated "ATTORNEY'S EYES ONLY."

24. If another court or administrative agency subpoenas or orders production of any discovery materials that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoenas or order, and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Protective Order absent the entry, in advance of the response date for the subpoena or order, of a supplemental protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

**Destruction or Return of Confidential Information**

25. Within thirty (30) days of the conclusion of the last of the German Proceedings and Contemplated Proceedings, including any and all appeals, all Confidential Information not received in evidence must be returned to Panasonic, or certified to have been destroyed.  The certification shall be filed with the Court by the receiving party's counsel of record in this Action.

**Challenging an "ATTORNEY'S EYES ONLY" designation**

26. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or to modify this Protective Order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other

affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

27. A designation of "ATTORNEY'S EYES ONLY" may be challenged by Lufthansa if the parties cannot resolve the issue without court intervention. If a challenge is made, Panasonic bears the burden of showing that the designation is appropriate. A party moving to modify this Protective Order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's interests.

**Miscellaneous Provisions**

28. In the event that any Confidential Information is submitted as evidence in the German Proceedings or Contemplated Proceedings, access will be limited to those persons identified in Paragraph 18.

29. This Court shall retain jurisdiction of this matter for the purpose of enforcing and/or modifying, altering, and/or amending the scope of this Protective Order, which shall continue to be binding after the conclusion of this Action.

30. Lufthansa shall assure compliance with this Protective Order by its representatives and Lufthansa shall be responsible for any violation of this Protective Order by its counsel. The parties reserve the right to seek any and all remedies available under applicable law in the event of a violation of this Protective Order.

Entered this 27th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

In the Matter of the Application of ) No. _____
LUFTHANSA TECHNIK AG, Petitioner, for )
an Order Pursuant to 28 U.S.C. § 1782 to Take )
Discovery, Pursuant to the Federal Rules of )
Civil Procedure, of Respondent Astronics )
Advanced Electronic Systems for Use in )
Foreign Proceedings. )
)
_____ )

## **CONFIDENTIALITY STATEMENT**

UNDERTAKING OF _____

STATE OF _____ )

COUNTY OF _____ )

I, _____, being duly sworn, state that:

My address is _____.

My present employer is _____.

My present occupation or job description is _____.

I have received a copy of the protective order in this case signed by district judge

_____ on _____.

I have carefully read and understand the provisions of the protective order.

I will comply with all of the provisions of the protective order.

I will hold in confidence, and not disclose to anyone not qualified under the protective

order, any Confidential Information or information derived therefrom, including words substance

summaries, abstracts or indices of Confidential Information disclosed to me.

I shall return all materials containing Confidential Information and summaries, abstracts,

and indices thereof, and copies thereof, which come into my possession, and document or things

AMENDED PROTECTIVE ORDER
C17-1453-JCC
PAGE - 10

which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise designated as a qualified person.

I hereby submit to the jurisdiction of this court for the purpose of enforcement of the protective order in this case.

Dated: _____    _____
                          Signature

AMENDED PROTECTIVE ORDER
C17-1453-JCC
PAGE - 11