THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNICK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Lufthansa Technick AG's petition for a discovery order pursuant to 28 U.S.C. § 1782 compelling Respondent Panasonic Avionics Corporation to produce documents for use in foreign litigation (Dkt. No. 54). The Court permitted Intervenor Astronics Advanced Electronic Systems to intervene in this action. (Dkt. No. 34.) Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court previously set forth the factual background of this case, and will not repeat it here. (*See* Dkt. No. 39.) Since Petitioner's prior petition for § 1782 discovery for use in patent enforcement litigation in Germany (Dkt. No. 1), Petitioner has commenced enforcement actions in France and the United Kingdom. (Dkt. Nos. 54-3 at 2, 54-4 at 3; *cf.* Dkt. No. 39 at 2.) Petitioner's prior petition was limited to Respondent's involvement with installations of

infringing units on Airbus aircraft. (Dkt. No. 54 at 4.) The Court granted Petitioner's petition in part. (Dkt. No. 39 at 10.)

Subsequent to the Court's order, Petitioner became aware that Respondent may have installed infringing units on Boeing aircraft and those of other original equipment manufacturers ("OEMs"). (Dkt. No. 54 at 4.) Petitioner seeks additional § 1782 discovery regarding whether Respondent installed infringing units on Boeing aircraft and those of other OEMs to support its claim for damages against Intervenor in Germany and for use in the ongoing litigation in the United Kingdom and France. (Dkt. Nos. 54 at 4–5, 54-5.) Petitioner also contemplates using the requested discovery in future enforcement actions in Spain and Japan. (Dkt. No. 54 at 5.)

## II. DISCUSSION

### A. Statutory Requirements

A party to a foreign proceeding may seek discovery in the United States pursuant to 28 U.S.C. § 1782, which provides in pertinent part that a federal district court "may order" a person residing or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." The "proceeding" for which § 1782 discovery is sought "must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004).

First, Respondent resides or is found in this district. Respondent is incorporated in Delaware and has its headquarters in California. (Dkt. No. 54-2 at 2.) But Respondent maintains a corporate office in Bothell, Washington which conducts key business functions. (*Id*. at 3.) The parties appear to agree that much of the relevant discovery is located in or obtainable at Respondent's Bothell office. (*See id*.; *see also* Dkt. No. 54 at 8.) Second, the requested discovery is for use in proceedings before foreign tribunals in Germany, the United Kingdom, and France. (Dkt. No. 54 at 4–5.) Future proceedings in Spain and Japan are within reasonable contemplation, as Petitioner has prevailed in the German enforcement litigation as to

Intervenor's liability for infringing the same patent that would be at issue in the contemplated litigation. (*Id.* at 3.) Third, Petitioner is an interested person within the meaning of § 1782. *See Intel*, 542 U.S. at 256 (holding that a litigant is an "interested person" within the meaning of § 1782); (*see* Dkt. Nos. 54-1 at 4, 54-3 at 2, 54-4 at 3). Therefore, the basic requirements of § 1782 are met in this case.

## B. Discretionary Factors

A district court is not required to grant a § 1782 petition simply because it has the authority to do so. *Intel*, 542 U.S. at 264. Rather, once the statutory requirements are met, a district court has discretion to determine whether, and to what extent, to honor a request for assistance under § 1782. *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). If the district court permits discovery under § 1782, it "may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country," for taking testimony or producing documents. 28 U.S.C § 1782(a). The district court should consider the statute's goals of "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002)).

The Supreme Court has provided four factors for district courts to consider in ruling on § 1782 petitions: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or policies of a foreign country; and (4) whether the requests are unduly burdensome or intrusive. *Intel*, 542 U.S. at 264–65.

### 1. Participation in the Foreign Proceedings

The Supreme Court has cautioned that "when the person from whom discovery is sought

is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* at 264. The foreign tribunal itself may order the parties before it to produce documents or carry out other pretrial discovery as it sees fit, but may lack the ability to order such discovery from a nonparticipant residing in a different jurisdiction. *Id*.

Respondent is not a participant in the litigation in Germany or the United Kingdom, and therefore the first *Intel* factor weighs in Petitioner's favor as to those enforcement actions. (Dkt. Nos. 1, 54-1 at 4, 54-4 at 2–3.) Respondent is a party to the litigation in France. (Dkt. No. 54-3 at 2.) But the discovery proceeding available to Petitioner in France is "limited to evidence physically located in France or available from France . . . [and] evidence relevant to claims in other countries will not be released to the party seeking the [discovery]." (*Id*. at 3.) As the discovery sought by Petitioner is not located in France and may be used in litigation before tribunals outside of France, it is beyond the scope of the discovery process available to Petitioner in France. Therefore, although Respondent is a participant in the litigation in France, the lack of an effective discovery mechanism available to Petitioner in France weighs in favor of allowing Petitioner to obtain the discovery material via § 1782. *See Lufthansa Technik AG v. Astronics Advanced Elec. Sys.*, C11-1386-JCC, Dkt. No. 21 at 4 (W.D. Wash. 2011) (citing *In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011); *In re Clerici*, 481 F.3d 1324, 1334–35 (11th Cir. 2007)). Finally, if Petitioner obtains the requested discovery at this juncture, the foreign tribunals presiding over future enforcement actions may address its admissibility in the context of those actions. Therefore, the first *Intel* factor weighs in Petitioner's favor.

### 2. Receptivity of the Foreign Tribunals to Judicial Assistance

The second *Intel* factor takes into account the "nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. The receptivity of the foreign court to assistance from a U.S. court is a critical consideration, given that one of the primary goals of § 1782 is to

encourage foreign courts to provide similar assistance to U.S. courts. *See In re Premises Located at 840 140th Ave. Ne., Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). The Supreme Court has not elaborated on how to evaluate the receptivity of the foreign court, other than to caution against attempting to conduct in-depth analyses of the laws of the foreign jurisdiction. *Intel*, 542 U.S. at 263. In evaluating the nature of the tribunal and character of the proceedings, courts have focused on the utility of the evidence sought. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016); *see also Intel*, 542 U.S. at 264.

In support of its argument that German courts are receptive to § 1782 discovery materials, Petitioner repeats the arguments it raised in its prior petition. (*See* Dkt. No. 1 at 11–13, *cf*. Dkt. No. 54 at 14–15.) The German tribunal has not submitted a request for assistance or otherwise indicated that it has stayed proceedings while awaiting resolution of this § 1782 petition, and the parties have not presented evidence that the German tribunal would object to the present petition. (Dkt. No. 39) (citing *In re Lufthansa*, C11-1386-JCC, Dkt. No. 21 at 5); (*see also* Dkt. No. 64 at 9). In addition, the discovery sought is relevant to the calculation of Petitioner's damages claim against Intervenor in Germany, which is ripe and being actively pursued by Petitioner. (Dkt. Nos. 54 at 3–4, 54-1 at 6.) Therefore, the second *Intel* factor weighs in favor of Petitioner as to the German proceedings.

In support of its argument that courts in the United Kingdom, France, Spain, and Japan are receptive to § 1782 discovery, Petitioner cites examples of U.S. courts granting § 1782 discovery for use in those countries. (Dkt. No. 54 at 15–16.) Neither party presents specific evidence or argument regarding the tribunals of those countries' receptivity specific to these proceedings. (*See id.*, Dkt. No. 64 at 8–9.) Therefore, the second *Intel* factor is neutral at best as to the ongoing litigation in the United Kingdom and France and the contemplated litigation in Spain and Japan.

### 3. Circumvention of Foreign Proof-Gathering Restrictions

The Supreme Court has warned that a § 1782 request could conceal an attempt to

circumvent foreign proof-gathering restrictions. *Intel*, 542 U.S. at 265. Although the Supreme Court made clear that the requested material need not be discoverable under the relevant foreign law for the U.S. court to render assistance under § 1782, it did not further elaborate on what would constitute an effort to circumvent proof-gathering restrictions abroad. *Id.* at 261–62.

Petitioner's argument in support of this factor is largely identical to its argument in its prior petition, and Respondent does not appear to have provided substantive argument on this factor. (*See* Dkt. No. 54 at 16, *cf.* Dkt. No. 1 at 13; *see generally* Dkt. No. 64.) As previously noted by the Court, the restrictions on damages-related discovery in the German litigation no longer apply, as Petitioner's claim for damages is ripe and being actively pursued by Petitioner. (Dkt. Nos. 39 at 7, 54 at 3–4, 54-1 at 6.) Further, as previously established by Petitioner, courts in France, Japan, and Spain generally allow gathering evidence of damages prior to determining liability, and courts in the United Kingdom may order early disclosure of evidence of damages prior to adjudicating liability. (*See* Dkt. No. 39 at 8) (citing Dkt. Nos. 38-1 at 3, 38-3 at 2, 38-5 at 3, 36-4 at 1). Therefore, as the discovery sought is relevant to Petitioner's damages claim against Intervenor (Dkt. No. 54 at 4), the third *Intel* factor favors Petitioner as to the litigation in Germany, and does not weigh against granting Petitioner's petition as to the ongoing litigation in the United Kingdom and France or the contemplated litigation in Spain and Japan. (*See* Dkt. No. 39 at 8–9.)

4. <u>Intrusiveness of the Requests</u>

"[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Petitioner has filed a proposed subpoena as an exhibit to its petition for § 1782 discovery. (Dkt. No. 54-5.) Respondent does not substantively challenge the scope of the subpoena's document requests. (Dkt. No. 64 at 10–11.) Instead, Respondent requests that discovery be limited in accordance with the Federal Rules of Civil Procedure. (Dkt. No. 64 at 10–11.) As § 1782(a) states that discovery conducted pursuant to the statute must comply with the Federal Rules of Civil Procedure unless otherwise directed by the Court, and Petitioner's proposed

subpoena provides the text of Federal Rule of Civil Procedure 45(d) relied on by Respondent, (*see* Dkt. No. 54-5, *cf*. Dkt. No. 64 at 10), the Court is satisfied that Respondent will be allowed "the specific protections authorized by the Federal Civil Rules" it requests. (Dkt. No. 64 at 10.)

Respondent also argues that the Court should shift the costs of discovery to Petitioner. (Dkt. No. 64 at 10–11) (citing Federal Rule of Civil Procedure 45(d); *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)). Respondent alleges that it "has incurred more than $100,000 in fees and costs complying with the original subpoena." (*Id*. at 11; Dkt. No. 66 at 2, 4.) But these costs do not shed light on the burden Respondent will bear complying with any subpoena issued pursuant to this order. Also, Respondent's corporate representative has stated that Respondent can use the same process it used to respond to Petitioner's prior petition to produce at least some of the discovery sought by Petitioner now, with relatively minor adjustments. (Dkt. No. 56 at 14.) Further, Respondent has not provided supporting documentation or explained why it has not previously moved for a protective order seeking to shift costs (*see* Dkt. Nos. 64 at 11, 66 at 2), and Petitioner challenges whether Respondent's claimed costs are attributable to Petitioner. (Dkt. No. 73 at 2–7.)

The Court also notes that each party has allocated significant briefing to describe the other's alleged misconduct and lack of cooperation following the Court's prior order, some of which appears to form the basis of Respondent's alleged costs and little of which is relevant to the merits of the present motion. (*See generally* Dkt. Nos. 64, 73.)[1] Going forward, the parties are encouraged to cooperate in order to minimize the costs incurred by both, and to expedite the resolution of this matter.

---

[1] Respondent filed a surreply moving to strike a portion of Petitioner's reply brief as overlong. (Dkt. No. 75) (citing W.D. Wash. Local Civ. R. 7(e)(4), *Expedia, Inc. v. Reservationsystem.com, Inc.*, 2007 WL 201069, slip op. at 2 (W.D. Wash. 2007)). Because the majority of Petitioner's reply brief is dedicated to responding to Respondent's allegations of misconduct and lack of cooperation and putting forth its own allegations (*see generally* Dkt. No. 75), the Court declines to do so and DENIES Respondent's motion to strike.

### III. CONCLUSION

The balance of factors set forth in *Intel* weigh in favor of granting Petitioner leave to conduct its requested discovery pursuant to 28 U.S.C. § 1782 and Respondent has not substantively challenged Petitioner's proposed document requests. Therefore, the Court GRANTS Petitioner's application for § 1782 discovery (Dkt. No. 54). Any discovery conducted pursuant to this order must comply with the applicable Federal Rules of Civil Procedure. Petitioner is GRANTED leave to re-depose Mr. Steven Greenlee, Respondent's corporate representative, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), but any deposition shall be limited to topics that were not discussed at Mr. Greenlee's prior deposition.

DATED this 22nd day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE