|   |   |
|---|---|
|   | THE HONORABLE JOHN C. COUGHENOUR |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNICK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Lufthansa Technick AG's petition for a discovery order pursuant to 28 U.S.C. § 1782 compelling Intervenor Astronics Advanced Electronic Systems to produce documents for use in foreign litigation (Dkt. No. 57). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

The Court has previously set forth the factual background of this case, and will not repeat it here. (*See* Dkt. No. 39.) Petitioner commenced patent infringement proceedings against Intervenor in Germany. (*See* Dkt. No. 1.) That proceeding was bifurcated, so that liability would be established before damages would be calculated. (*See* Dkt. No. 39.) Thereafter, Petitioner commenced similar proceedings in France and the United Kingdom (together with the German proceedings, the "pending proceedings"). (Dkt. Nos. 54-3 at 2, 54-4 at 3.) If Petitioner

establishes liability in those countries, Petitioner reasonably contemplates initiating similar proceedings in Spain and Japan (the "contemplated proceedings"). (*See* Dkt. No. 57 at 3.)

In 2011, Petitioner sought § 1782 discovery from for use in the German patent enforcement proceedings. *In re Lufthansa Technik AG*, C11-1386-JCC (W.D. Wash. 2011.) The Court granted in part and denied in part Petitioner's petition, in part because damages-related discovery was unwarranted prior to a finding of Intervenor's liability. *Id.* at Dkt. No. 21. The German tribunal has since ruled that Intervenor is liable for infringing Petitioner's patent. (Dkt. No. 1 at 3.) Petitioner sought § 1782 discovery from Respondent Panasonic Avionics Corporation for use in the damages stage of the German proceedings and for sue in future infringement actions. (Dkt. No. 39 at 2.) The Court granted in part and denied in part Petitioner's petition, largely because some of the discovery sought was more likely in Intervenor's control. (*Id.* at 9–11.) Petitioner now seeks § 1782 discovery from Intervenor for use in the pending and contemplated proceedings. (Dkt. No. 57.)

## II. DISCUSSION

### A. Statutory Requirements

A party to a foreign proceeding may seek discovery in the United States pursuant to 28 U.S.C. § 1782, which provides in pertinent part that a federal district court "may order" a person residing or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." The "proceeding" for which § 1782 discovery is sought "must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004).

First, Intervenor resides in this district or can be found in this district. Intervenor is a subsidiary of Astronics Corporation, which is incorporated and has its principal place of business in New York. (Dkt. No. 54-2 at 3.) Intervenor has a "main office" in Kirkland, Washington. (*Id.*) Petitioner contends, and Intervenor does not dispute, that the documents Petitioner seeks are

either located in Washington or are within Intervenor's control. (Dkt. No. 57 at 5.) Second, the requested discovery is for use in the pending proceedings before tribunals in Germany, the United Kingdom, and France. (Dkt. Nos. 54 at 4–5, 57 at 2–3.) The contemplated proceedings are within reasonable contemplation, as Petitioner has prevailed in the German enforcement litigation as to Intervenor's liability for infringing the same patent that would be at issue in the contemplated proceedings. (Dkt. Nos. 54 at 4–5, 57 at 2–3.) Third, Petitioner is an interested person within the meaning of § 1782. *See Intel*, 542 U.S. at 256 (holding that a litigant is an "interested person" within the meaning of § 1782); (*see* Dkt. Nos. 54-1 at 4, 54-3 at 2, 54-4 at 3). Therefore, the basic requirements of § 1782 are met in this case.

### B. Discretionary Factors

A district court is not required to grant a § 1782 petition simply because it has the authority to do so. *Intel*, 542 U.S. at 264. Rather, once the statutory requirements are met, a district court has discretion to determine whether, and to what extent, to honor a request for assistance under § 1782. *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). If the district court permits discovery under § 1782, it "may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country," for taking testimony or producing documents. 28 U.S.C § 1782(a). The district court should consider the statute's goals of "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002)).

The Supreme Court has provided four factors for district courts to consider in ruling on § 1782 petitions: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to

ORDER
C17-1453-JCC
PAGE - 3

circumvent foreign proof-gathering restrictions" or policies of a foreign country; and (4) whether the requests are unduly burdensome or intrusive. *Intel*, 542 U.S. at 264–65.

### 1. Participation in the Foreign Proceedings

The Supreme Court has cautioned that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* at 264. The foreign tribunal itself may order the parties before it to produce documents or carry out other pretrial discovery as it sees fit, but may lack the ability to order such discovery from a nonparticipant residing in a different jurisdiction. *Id.*

Intervenor is a participant in the pending legal proceedings. (Dkt. No. 57 at 6.) However, the discovery procedures available to Petitioner in the pending proceedings are insufficient to procure the requested discovery. (*See* Dkt. Nos. 54-1 at 7–8 (Germany), 54-3 at 3 (France), 54-4 at 3 (the United Kingdom).) Therefore, although Intervenor is a participant in the pending proceedings, the lack of effective discovery mechanisms available to Petitioner in those countries weighs in favor of allowing Petitioner to obtain the discovery material via § 1782. *See In re Lufthansa Technik AG*, C11-1386-JCC, Dkt. No. 21 at 4 (W.D. Wash. 2011) (citing *In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011); *In re Clerici*, 481 F.3d 1324, 1334–35 (11th Cir. 2007)). Further, if Petitioner obtains the requested discovery at this juncture, the foreign tribunals presiding over future enforcement actions may address its admissibility in the context of those actions. Therefore, the first *Intel* factor weighs in Petitioner's favor.

### 2. Receptivity of the Foreign Tribunals to Judicial Assistance

The second *Intel* factor takes into account the "nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. The receptivity of the foreign court to assistance from a U.S. court is a critical consideration, given that one of the primary goals of § 1782 is to encourage foreign courts to provide similar assistance to U.S. courts. *See In re Premises Located*

*at 840 140th Ave. Ne., Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). The Supreme Court has not elaborated on how to evaluate the receptivity of the foreign court, other than to caution against attempting to conduct in-depth analysis of the laws of the foreign jurisdiction. *Intel*, 542 U.S. at 263. In evaluating the nature of the tribunal and character of the proceedings, courts have focused on the utility of the evidence sought. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016); *see also Intel*, 542 U.S. at 264.

In support of its argument that German tribunals are receptive to § 1782 discovery materials, Petitioner repeats the arguments it raised in its prior petitions seeking discovery from Respondent. (*See* Dkt. Nos. 1 at 11–13, 54 at 14–15, 57 at 7–10.) The German tribunal has not submitted a request for assistance or otherwise indicated that it has stayed proceedings while awaiting resolution of this § 1782 petition, and the parties have not presented evidence that the German tribunal would object to the present petition. In addition, the discovery sought is relevant to the calculation of Petitioner's damages claim against Intervenor in Germany, which is ripe and being actively pursued by Petitioner. (Dkt. No. 54-1 at 6.) Therefore, the second *Intel* factor weighs in favor of Petitioner as to the German proceedings.

In support of its argument that tribunals in the United Kingdom, France, Spain, and Japan are receptive to § 1782 discovery, Petitioner cites examples of U.S. courts granting § 1782 discovery for use in those countries. (Dkt. No. 57 at 9–10.) Neither party presents specific evidence or argument regarding the tribunals of those countries' receptivity specific to these proceedings. (*See id.*, Dkt. No. 63.) Therefore, the second *Intel* factor is neutral at best as to the pending litigation in the United Kingdom and France and the contemplated proceedings.

### 3. Circumvention of Foreign Proof-Gathering Restrictions

The Supreme Court has warned that a § 1782 request could conceal an attempt to circumvent foreign proof-gathering restrictions. *Intel*, 542 U.S. at 265. Although the Supreme Court made clear that the requested material need not be discoverable under the relevant foreign law for the U.S. court to render assistance under § 1782, it did not further elaborate on what

would constitute an effort to circumvent proof-gathering restrictions abroad. *Id.* at 261–62.

Petitioner's argument in support of this factor is largely identical to its argument in its prior petitions seeking discovery from Respondent, and Intervenor does not appear to have provided substantive argument on this factor. (*See* Dkt. Nos. 1 at 13, 54 at 16, 57 at 10; *see generally* Dkt. No. 63.) As previously noted by the Court, the restrictions on damages-related discovery in the German proceeding no longer apply, as Petitioner's claim for damages is ripe and being actively pursued by Petitioner. (Dkt. Nos. 39 at 7, 54-1 at 6.) Further, as previously established by Petitioner, tribunals in France, Japan, and Spain generally allow parties to gather evidence of damages prior to determining liability, and tribunals in the United Kingdom may order early disclosure of evidence of damages prior to adjudicating liability. (*See* Dkt. No. 39 at 8) (citing Dkt. Nos. 38-1 at 3, 38-3 at 2, 38-5 at 3, 36-4 at 1). Therefore, as the discovery sought is relevant to Petitioner's damages claim against Intervenor (Dkt. No. 57 at 2), the third *Intel* factor favors Petitioner as to German proceeding, and does not weigh against granting Petitioner's petition as to the pending litigation in the United Kingdom and France or the contemplated proceedings. (*See* Dkt. No. 39 at 8–9.)

4. Intrusiveness of the Requests

"[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Petitioner has filed a proposed subpoena as an exhibit to its petition for § 1782 discovery. (Dkt. No. 57-1.) Having reviewed the proposed subpoena, the Court is satisfied that the requested discovery is relevant to the issues of Intervenor's liability and resultant damages in the pending and contemplated proceedings. (*See* Dkt. No. 57-1.) Intervenor does not argue in its motion that the proposed discovery requests should be narrowed. (*See* Dkt. No. 63 at 9–13.)[1] Instead, Intervenor contends that the requested discovery is duplicative, premature, available in other jurisdictions, burdensome, or not within Intervenor's possession. (*Id.*) The requested

---

[1] Intervenor has stated that it "reserves its right to object to [the discovery requests], including on the grounds that they are ambiguous and overbroad." (Dkt. No. 63 at 7.)

discovery is not premature, as discovery on the issues of Intervenor's liability and damages is timely in the pending and contemplated proceedings. Further, to the extent that the proposed discovery requests encompass discovery that Intervenor has previously provided, it need not disclose such discovery again. Similarly, Intervenor is not required to produce discovery that it can demonstrate is not within its possession. Finally, if complying with a particular discovery request proves overly burdensome or costly, Intervenor may move for a protective order or other relief after it has met and conferred with Petitioner regarding the request. Therefore, the fourth *Intel* factor weighs in Petitioner's favor.

## III. CONCLUSION

The balance of factors set forth in *Intel* weigh in favor of granting Petitioner leave to conduct its requested discovery pursuant to 28 U.S.C. § 1782. Therefore, the Court GRANTS Petitioner's application for § 1782 discovery as to Intervenor (Dkt. No. 57). Any discovery conducted pursuant to this order must comply with the Federal Rules of Civil Procedure. Intervenor's motion to strike (Dkt. No. 77) is DENIED.

DATED this 25th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE