THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNICK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Lufthansa Technick AG's motion to compel production of Respondent Panasonic Avionics Corporation's customer contracts (Dkt. No. 103). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

The Court previously set forth the factual background of this case, which it will not repeat here. (*See* Dkt. No. 39.) Consistent with Petitioner's January 23, 2019 subpoena to Panasonic, (Dkt. No. 54-5; *see* Dkt. No. 100 at 15), Petitioner seeks to compel production of:

> All contracts between Panasonic and third parties except KID involving the purchase of 11OV in-seat power systems for installation on Airbus, Boeing, Bombardier, or Embraer aircraft in the United Kingdom, France, Spain, Germany or Japan, or in the aircraft of any other aircraft manufacturer in those countries.

(Dkt. No. 54-5 at 7.) Panasonic opposes Petitioner's motion on the basis that the information sought is (a) neither relevant to the ongoing European proceedings nor proportional to the needs

ORDER
C17-1453-JCC
PAGE - 1

of the case and (b) unreasonably cumulative. (Dkt. No. 106 at 7–12.) Panasonic further argues that Petitioner's motion to compel is made in bad faith and is untimely. (*Id.*) The Court finds Panasonic's first two argument persuasive and, therefore, need not consider its final two arguments.

Petitioner has failed to establish the relevance of the information sought in light of the current status of the foreign proceedings. Nor has Petitioner demonstrated why the contracts sought are proportional to its needs in the case. Finally, Petitioner also has failed to establish why the request is not unreasonably cumulative in light of what has already been produced. This seems particularly true in light of Petitioner's alleged concession, which the parties now dispute, regarding narrowing the request. (*See* Dkt. No. 103 at 38–39.)

Accordingly, the Court DENIES Petitioner's motion to compel (Dkt. No. 103). Petitioner is ORDERED to show cause why this matter should not be terminated, other than for the limited purpose of enforcing the Court's Second Amended Protective Order (Dkt. No. 85).

Petitioner's response to this Order to Show Cause must be filed within fourteen (14) days and cannot exceed six (6) pages. Panasonic may file an objection to Petitioner's response within fourteen (14) days of Petitioner's response, also not to exceed six (6) pages. If Panasonic chooses to object, Petitioner may also file a reply to Panasonic's objection. That reply must be filed within seven (7) days of Panasonic's objection and cannot exceed three (3) pages.

DATED this 19th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE