THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNICK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Lufthansa Technick AG's ("Lufthansa") response to the Court's order to show cause (Dkt. No. 115), its motion to compel production of Intervenor Astronics Advanced Electronic Systems' ("AES") sales and related information (Dkt. No. 131), and its motion to seal (Dkt. No. 130). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Lufthansa's motion to compel (Dkt. No. 131), GRANTS its motion to seal, and FINDS that Lufthansa has demonstrated good cause to keep open its November 2018 section 1782 petition seeking discovery from AES for the reasons explained herein.

## I. BACKGROUND

The Court recently issued an order to show cause why Lufthansa's section 1782 petition seeking discovery from AES should not be closed. (Dkt. No. 114.) In response, Lufthansa

indicated that the petition should remain open because AES has not yet produced all of the information regarding sales and related matters that it seeks from AES. (*See* Dkt. No. 115 at 3–4.) Lufthansa seeks this information to support certain proceedings in the U.K. and Germany. (*Id.*)

In addition to responding to the Court's order to show cause, Lufthansa also moved to compel production of the documents allegedly containing the information sought. (Dkt. No. 131 at 3.) In doing so, Lufthansa argued that the information sought is "responsive to the current subpoena, is critically relevant to infringement and damages analysis in the European Proceedings, and is readily in AES's possession in this district, and is not burdensome to provide." (*Id.*)

## II. DISCUSSION

### A. Scope of Discovery

Once a court has granted a section 1782 petition, the "ordinary tools of discovery management, including Rule 26, come into play." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011). As a result, a petitioner "may obtain discovery regarding any nonprivileged matter that is relevant to [the petitioner's] claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To the extent a petitioner seeks to compel the production of such information, the Court has broad discretion to decide whether to do so. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. Motion to Compel

AES argues that it has already provided Lufthansa with the relevant information it seeks, to the extent it has it, and that it has no obligation to produce information it does not possess and/or irrelevant information. (*See generally* Dkt. No. 143.) The Court agrees with AES with respect to some, but not all, of the information sought by Lufthansa.

### 1. Parts List

Lufthansa first asks the Court to compel AES's production of its "'original part number list' – a part number and part description list of all EmPower components, which is readily available to AES." (Dkt. No. 131 at 3.) Lufthansa indicates the list is necessary to determine whether AES has provided a complete accounting of part sales for purposes of determining damages from AES's infringing activities. (*Id.* at 10.) AES counters that the request is not related to the subpoena at issue and, regardless, is overbroad. (Dkt. No. 143 at 13.) Lufthansa has the better argument. The relevance of the list is clear, (*see* Dkt. No. 148 at 4 (indicating that the list is necessary to determine which DC parts were sold with the infringing system(s))), and AES's burden of production is low. Therefore, Lufthansa's motion to compel production of AES's original part number list is GRANTED.

### 2. Peripheral and Seat to Seat Cable Sales

Lufthansa next asks the Court to compel production of documents relating to AES's sales of peripherals and seat to seat cables. (Dkt. No. 131 at 3.) Specifically, it seeks the following:

> "For Germany: data regarding sales of seat to seat cables (referred to as "ISPS to ISPS" and "MCU to ISPS" cables) and peripheral parts, including repairs, replacements, and recertifications, related to Germany from December 2003 until May 2018 . . . For the UK: data regarding sales of seat to seat cables (ISPS to ISPS and MCU to ISPS cables) and peripheral parts, including repairs, replacements, recertifications, related to the UK from 2011-2018.

(*Id.*)

AES counters that it has already produced data on German sales of peripheral parts from December 2007 through May 2018. (Dkt. No. 143 at 12.) It argues that any data predating December 2007 is irrelevant, since the German judgment did not include those sales. (*Id.*) It further argues that the German court has not yet concluded that AES is liable for infringement based on sales of seat to seat cable sales and, therefore, data regarding these sales is not tied to the German proceeding. (*Id.*) But this argument is not consistent with credible testimony

provided in support of Lufthansa's motion indicating that sales of peripheral parts and seat to seat cables from December 2003 through May 2018 *are*, in fact, at issue in the German proceeding. (*See* Dkt. No. 149 at 3–7.)

AES also argues that seat to seat cables and peripherals are not part of the U.K. litigation. (Dkt. No. 143 at 13.) In response, Lufthansa suggests that those sales *may* become part of the U.K. litigation, depending on whether Lufthansa elects to pursue damages or profits. (Dkt. No. 148 at 5.) But this means that those sales are not presently at issue and, accordingly, not presently relevant. The Court will not compel AES to produce irrelevant information. To the extent Lufthansa requires high-level information on these sales for present purposes of the U.K. litigation, AES's *Island Records* disclosure will suffice.

Therefore, Lufthansa's motion to compel information on sales of peripheral parts and seat to seat sales is GRANTED for German sales and DENIED for U.K. sales.

### 3. Indirect Sales to Germany

Lufthansa also asks the Court to compel AES to provide "sales information on indirect sales from 2007–2018" into Germany. (Dkt. No. 131 at 3.) AES responds that it "does not know where its customers ship [the] components [that] they purchase from AES, let alone which customers ship components into Germany." (Dkt. No. 147 at 4.) This is not entirely true. AES drop-shipped some of its products on behalf of Respondent Panasonic Avionics Corporation ("Panasonic"). (Dkt. No. 148 at 6.) And it is undisputed that AES possesses hard copy shipping documents for those items. (Dkt. Nos. 143 at 9, 148 at 6.)

Lufthansa contends, at least with respect to the drop-ship items, that based on the hard copy records AES does in fact possess the information needed to respond to Lufthansa's subpoena, or at least could glean it by cross-referencing the shipping documents with AES's electronic databases. (Dkt. No. 148 at 6.) But those shipping documents have already been provided to Lufthansa. (*See id.* (indicating that AES "dumped 280,000 documents of this nature on Lufthansa during the proceedings").) Lufthansa's demand for AES's analysis of those

documents, in a form not kept in the usual course of AES's business, exceeds the bounds of what the discovery rules require. *See* Fed. R. Civ. P. 34(b)(2)(E). Therefore, Lufthansa's motion to compel information on indirect sales into Germany is DENIED.

### 4. Special Instructions Information

Finally, Lufthansa asks the Court to compel production of "information identifying the aircraft type in which parts were to be installed, which is included in AES's 'special instructions' field on sales documents (for Germany: 2003-2018, and for the UK: 2011-2018)." (Dkt. No. 131 at 3.) Despite AES's protestations, (*see* Dkt. No. 143 at 10–12), this information appears to be within AES's possession, it is relevant to the German and U.K. proceedings, and it would not be unduly burdensome for AES to gather it. Therefore, Lufthansa's motion to compel information contained in the "special instructions" field on sales documents is GRANTED.

## C. Order to Show Cause

It is clear from the discussion above that AES has not yet produced all discoverable information sought by Lufthansa. (*See* Dkt. No. 57-1.) While the Court agrees that Lufthansa has not been as expeditious as it could have been in seeking the information, Lufthansa's delay is not sufficient to justify closing its November 2018 petition, in light of the circumstances here. Therefore, the Court FINDS that Lufthansa has shown good cause to keep open Lufthansa's November 2018 section 1782 petition seeking documents from AES.

## D. Motion to Seal

Lufthansa moves to seal the version of its motion to compel not containing redactions, portions of a declaration submitted in support of its motion to compel, and certain exhibits included with the declaration, all of which Lufthansa filed under seal. (Dkt. No. 130.) Lufthansa indicates that it acquired the information through discovery, which was marked by AES as "Attorney's Eyes Only" in accordance with the protective orders entered in this case. (*See id.* at 2.)

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash.

Local Civ. R. 5(g)(3). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006).

The redacted portions of these documents contain sensitive proprietary information that falls within the scope of the protective orders entered in this case. Thus, there exists a compelling reason to seal these items and that reason overcomes the presumption of public access. Accordingly, Lufthansa's motion to seal (Dkt. No. 130) is GRANTED.

### III. CONCLUSION

For the reasons described above, the Court GRANTS in part and DENIES in part Lufthansa's motion to compel (Dkt. No. 131), GRANTS Lufthansa's motion to seal (Dkt. No. 130), and FINDS good cause for keeping open Lufthansa's November 2018 section 1782 petition seeking information from AES. The Clerk is DIRECTED to maintain docket numbers 132 and 135 under seal.

DATED this 22nd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE