UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNICK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Lufthansa Technick AG's additional ("Lufthansa") petition for a discovery order pursuant to 28 U.S.C. § 1782 (Dkt. No. 120) and the parties' motions to seal (Dkt. Nos. 136, 140). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the petition for discovery (Dkt. No. 120) and GRANTS the motions to seal (Dkt. Nos. 136, 140) for the reasons explained herein.

The Court has previously set forth the factual background of this case and relevant legal standards and will not repeat them here. (*See* Dkt. Nos. 39, 80.) Lufthansa now seeks additional section 1782 discovery from Respondent Panasonic Avionics Corporation ("Panasonic") for use in its ongoing patent infringement proceedings in Germany and the U.K. (*See generally* Dkt. No. 120). Specifically, Lufthansa seeks documents and testimony regarding products manufactured by Panasonic and incorporated into, or sold to accompany, 110V In-Seat Power Systems

delivered for installation in the U.K. and Germany. (*Id.* at 35, 41.)

Lufthansa indicates that it needs the information because German courts have found AES liable for indirect sales of products containing its technology, a U.K. court has found Panasonic liable for sales of its products containing AES's infringing technology, and Lufthansa can seek damages for the sale of peripheral parts sold with AES's infringing technology. (Dkt. No. 120 at 7.) But the proposed subpoenas *exclude* systems or parts manufactured by AES. (*See id.* at 35, 41.) They only seek information on parts produced by Panasonic if combined with *any* 110V In-Seat-Power System. (*Id.*) This is not sufficient to establish a nexus between the European patent infringement proceedings, based on AES's infringement of Lufthansa's power technology, and the sale of Panasonic products, if combined with a 110V In-Seat-Power System. Accordingly, the Court FINDS that the relevant factors weigh against Lufthansa's petition. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244 (2004).

Panasonic and Lufthansa also move to maintain under seal unredacted versions of certain declarations and exhibits supporting their briefing on Lufthansa's petition. (*See* Dkt. Nos. 136, 140.) "[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The documents filed under seal (Dkt. Nos. 135, 141) contain sensitive proprietary information that falls within the scope of the protective orders entered in this case. (*See* Dkt. Nos. 85, 117.) The Court FINDS that there exists a compelling reason to seal these items and that this reason overcomes the presumption of public access.

Accordingly, Lufthansa's additional petition for section 1782 discovery (Dkt. No. 120) is DENIED without prejudice and the parties' motions to seal (Dkt. Nos. 136, 140) are GRANTED. The Clerk is DIRECTED to maintain Docket Numbers 135 and 141 under seal.

1        DATED this 22nd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-1453-JCC
PAGE - 3