THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent Panasonic Avionics Corporation for Use in Foreign Proceedings | CASE NO. C17-1453-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Presently before the Court is Astronics Advanced Electronic Systems Corp.'s ("AES") motion to protect (Dkt. No. 182) and Lufthansa Technik AG's ("Lufthansa") motion to compel (Dkt. No. 186). One issue in both motions is the production of a master parts list ("MPL"), which the Court previously ordered that AES produce. (*See* Dkt. No. 152 at 3.)

When the Court ordered AES to produce the MPL, the Court did not intend the list to exclude parts associated solely with DC systems. (*Id.*) This is because, for the MPL to provide useful information, it needs to be comprehensive. Otherwise, Lufthansa must defer entirely to AES on what parts are, or are not, associated with an infringing system. Only a comprehensive MPL provides Lufthansa with the information needed to test AES's assertions.

MINUTE ORDER
C17-1453-JCC
PAGE - 1

Nevertheless, AES did not produce a comprehensive MPL. Instead, it spent significant time compiling a series of new lists based on its view of what infringing systems the parts went into. (*See* Dkt. Nos. 182 at 5, 183 at 4.) AES asserts that this effort resulted in a significant and undue burden. (*See* Dkt. No. 143 at 3.) This may be true. And that can be a persuasive argument in defeating a request for discovery. But at the time of the Court's prior order, Lufthansa represented that AES's burden of production would be low, as it already had a comprehensive parts list, from which it selected parts to provide associated infringing sales figures to Lufthansa. (*See* Dkt. No. 132 at 10, 25.) If Lufthansa's assertion is not true, this may change the Court's thinking on the issue.

Before the Court can rule on the instant motions, it needs a better understanding of whether AES has in fact maintained a master list of all component parts (comprising parts for both AC and DC systems). If AES does not possess such a list, the Court would like to know why Lufthansa represented otherwise. And if it does, the Court would like to know why AES did not provide this list to Lufthansa when ordered to do so. Accordingly, the Court DIRECTS the parties to provide the following supplemental briefing[1] on the issue:

- AES's opening brief not to exceed 8 pages – due January 20, 2023
- Lufthansa's response brief not to exceed 8 pages – due January 27, 2023
- AES's reply brief not to exceed 4 pages – due February 1, 2023

Docket Numbers 182 and 186 shall be renoted to February 1, 2023.

DATED this 11th day of January 2023.

Ravi Subramanian
Clerk of Court

s/Serge Bodnarchuk
Deputy Clerk

---

[1] Any factual assertions contained within the briefs should be supported by declarations.

MINUTE ORDER
C17-1453-JCC
PAGE - 2