THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNICK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Astronics Advanced Electronic Systems' ("AES") motion for a protective order (Dkt. No. 182) and Lufthansa Technick AG's ("Lufthansa") motion to compel and for contempt and sanctions (Dkt. No. 186), as well as Lufthansa's motions to seal (Dkt. Nos. 185, 198, 207). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES AES's motion for a protective order (Dkt. No. 182), GRANTS in part and DENIES in part Lufthansa's motion to compel and for contempt and sanctions (Dkt. No. 186), and GRANTS Lufthansa's motions to seal (Dkt. Nos. 185, 198, 207) for the reasons explained herein.

**A.   Discovery Motions**

Each discovery motion presents the same two issues: (1) whether AES must provide Lufthansa with all of the meeting protocol documentation in its possession responsive to the parties' agreed-upon search terms, or just the protocol documentation AES deems relevant to

Lufthansa's U.K. and German patent infringement proceedings, and (2) whether AES must supplement the master list of parts ("MPL") previously produced to Lufthansa with parts capable of use only in DC versions of AES's EmPower in-seat power system(s). (*See generally* Dkt. Nos. 182, 186.) According to Lufthansa, this seemingly broad discovery is needed, in large part, because AES productions to date have been demonstrably incomplete. (Dkt. No. 186 at 7–12.) And, given that the purpose of discovery here is to support Lufthansa's efforts to prove-up damages in the U.K. and German proceedings, it is in AES's interest to share less—not more—information with Lufthansa.[1]

      Based on the Court's review of the parties' voluminous submissions on these issues, including briefing on the instant motions, supplemental briefing on the issue of the MPL, supporting declarations, and exhibits, the Court concludes that AES must produce the discovery Lufthansa currently seeks. To the extent doing so, at least with respect to the MPL, is burdensome, this is a product of AES's own doing. It readily admits that its Chief Engineer spent 200 hours compiling a series of incomplete versions of the MPL—none of which would be useful in compiling the comprehensive version of the MPL the Court thought it previously directed AES to produce. (Dkt. No. 218 at 5.) Moreover, near as the Court can glean, the burden to AES of producing a complete version of the meeting protocol documentation is low. AES admits it already possesses this information. (*See, e.g.*, Dkt. No. 193 at 7–8.) For these reasons, the Court GRANTS Lufthansa's motion to compel.

      Lufthansa also asks the Court to find AES in contempt and impose sanctions. (Dkt. No. 186 at 12–13.) But as AES points out, (*see* Dkt. No. 193 at 13), for a contempt finding, Lufthansa must show, through clear and convincing evidence, that AES violated the Court's specific and definite order. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

---

[1] This is borne out by AES's seemingly unnecessarily narrow interpretation of the subpoena in this matter (Dkt. No. 57-1) and the Court's prior order regarding production of the MPL (Dkt. No. 152), along with AES's dealings with the Court on a prior Lufthansa discovery petition. *See In re Lufthansa Technik AG*, Case No. C11-1386-JCC (W.D. Wash 2013).

1  Lufthansa cannot meet this standard. As the supplemental briefing suggests, the Court's prior
2  order regarding production of the MPL may not have been sufficiently clear to rise to the level
3  warranting contempt here. For this reason, the Court DENIES Lufthansa's request. However,
4  given the guidance now contained within *this* Order, the Court does not expect that AES could
5  put forth a similar argument in defense of a future motion for contempt from Lufthansa, at least
6  as it relates to the particular discovery addressed in this Order.

**B.  Motions to Seal**

Lufthansa moves to maintain under seal unredacted versions of its discovery motion and associated reply brief, along with its brief in opposition to AES's discovery motion, as well as supporting declarations. (Dkt. Nos. 185, 198, 207.) "[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3). To overcome it, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The redacted portions of the motions and supporting declarations at issue contain sensitive proprietary information that falls within the scope of the protective orders entered in this case. Thus, there exists a compelling reason to seal these items and that reason overcomes the presumption of public access.

For the reasons described above, the Court DENIES AES's motion for a protective order (Dkt. No. 182) and GRANTS in part and DENIES in part Lufthansa's motion to compel and for contempt and sanctions (Dkt. No. 186). In addition, the Court GRANTS Lufthansa's motions to seal (Dkt. Nos. 185, 198, 207). AES is ORDERED to produce the following discovery within 45 days of this Order:

//
//
//
//

- All meeting protocol documentation in its possession responsive to the parties' previously agreed-upon search terms;[2] and
- An MPL for all parts capable of use in AES's EmPower in-seat power system(s), *regardless of whether that be AC or DC systems.*

AES is further ORDERED to provide a Rule 30(b)(6) deponent for a deposition regarding this production within fourteen days following production. Finally, the Clerk is DIRECTED to maintain docket numbers 186, 187, 199, 200, 208, and 209 under seal.

DATED this 17th day of February 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] AES need not produce meeting minutes not in its possession.