THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Lufthansa Technik AG's ("Lufthansa") motion to enforce and for sanctions (Dkt. No. 232), along with its motion to seal (Dkt. No. 243). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Lufthansa's motion to compel and for sanctions (Dkt. No. 232) and GRANTS the motion to seal (Dkt. No. 243) for the reasons explained herein.

First,[1] in light of Astronics Advanced Electronic Systems' ("AES") decision to screen communications and documents located through a recent agreed-upon search of AES's e-mail and backup tapes for relevancy, Lufthansa asks that the Court order AES to produce the full contents of the search results. (*See* Dkt. No. 232 at 4–6.) While, under normal circumstances,

---
[1] Given the lengthy motion practice between these parties which has already transpired, the Court dispatches with a recitation of background facts for this matter.

ORDER
C17-1453-JCC
PAGE - 1

such a responsiveness screening is expected and appropriate, these are not such circumstances. Throughout the course of this matter, AES has provided Lufthansa with incomplete production, without a valid basis for doing so. (*See, e.g.*, Dkt. Nos. 152, 172, 224.) And the Court previously ordered AES to produce all meeting protocol documentation "responsive to the parties' *previously agreed-upon search terms*," without any further limitation. (Dkt. No. 224 at 4 (emphasis added).) Accordingly, within 30 days, AES is ORDERED to produce **all** communications and documents located during its search of e-mail and backup tapes undertaken in an effort to locate meeting protocol documentation (AES may deem unresponsive documents for attorney's eyes only) or provide Lufthansa with a log of excluded material. If AES chooses to provide Lufthansa with an exclusion log, AES must describe the nature of each excluded item **and** the reason it concluded the material does not constitute meeting protocol documentation generated within, or related to, the relevant time period.

Second, Lufthansa asks the Court to order that AES now search its e-mails and backup tapes for certain contracts and related documents, in light of AES's recent discovery of previously undiscovered meeting protocol documents in e-mails and backup tapes. (Dkt. No. 232 at 6–7.) This, unlike the last request, is a bridge too far. Given the relatively few meeting protocol documents housed in AES's Program Management Office database, it was reasonable to conclude that a search outside of this database would uncover significant additional meeting protocol documentation. Whereas here, Lufthansa provides the Court with nothing, other than speculation, to support the assertion that the same would be true for contract materials housed outside of AES's contract database.[2] Moreover, it points to no authority to suggest that AES must engage in duplicative and/or redundant searches, simply to assure it and the Court that it located all responsive documents.

---

[2] While Lufthansa suggests in its briefing to the Court that it located such a purchase agreement, (*see* Dkt. No. 241 at 6), it appears this contract was, in fact, included in AES's contracts database and previously produced, albeit in a different form, (*see* Dkt. Nos. 248 at 2–3, 253 at 2–3).

   Third, Lufthansa asks the Court to order that AES produce all sales information for testing equipment sold into Germany. (Dkt. No. 232 at 12.) Based on the evidence presented by Lufthansa, it appears AES limited its production of this information to that equipment designated as "EmTest" equipment. (*See* Dkt. No. 245 at 8.)[3] But the Court previously ordered AES to produce information of German sales for all peripheral parts "at issue in the German proceeding," which is broader than equipment labeled "EmTest" equipment. (*See* Dkt. No. 152 at 4l; *see also* Dkt. No. 149 at 3–4 (describing scope of peripheral parts at issue in German proceedings).) Accordingly, within 30 days, AES is ORDERED to produce sales information for all testing equipment subject to damages in German courts—not just those with an "EmTest" label.

   Lufthansa also asks the Court to find AES in contempt and impose sanctions. (Dkt. No. 232 at 12–13.) To do so, Lufthansa must show, through clear and convincing evidence, that AES violated the Court's specific and definite order. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). At least for purposes of AES's election to excluded non- "EmTest" equipment from production, the Court makes this finding. It does not make this finding with respect to AES's responsiveness screening of e-mail and backup data relevant to meeting protocol documentation, as the Court did indicate in its prior order that *only* meeting protocol documentation need be produced. And Lufthansa has yet to demonstrate that the excluded information contained such documentation. Accordingly, AES is ORDERED to pay Lufthansa's fees and costs associated with the portion of Lufthansa's motion(s) relating to production of testing equipment sales into Germany. *See* Fed. R. Civ. P. 37(b)(2)(C) (allowing for the payment of "reasonable expenses, including attorney fees" resulting from the failure to comply with a court order). Lufthansa is DIRECTED to provide the Court with an accounting of these costs within 14 days of this order.

   Finally, Lufthansa moves to maintain under seal unredacted versions of a declaration in

---

[3] AES seems to concede this point. (*See* Dkt. No. 236 at 11.)

ORDER
C17-1453-JCC
PAGE - 3

support of its reply brief. (*See* Dkt. No. 243.) AES does not oppose. "[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3). To overcome it, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The redacted portions of the declaration contains information designated for "attorneys eyes only," and represents proprietary information falling within the scope of the protective orders entered in this case. (*See* Dkt. No. 244.) Thus, there exists a compelling reason to seal the unredacted declaration and that reason overcomes the presumption of public access.

For the reasons described above, the Court hereby GRANTS in part and DENIES in part Lufthansa's motion to compel and for sanctions (Dkt. No. 232) and GRANTS the motion to seal (Dkt. No. 243). The Clerk is DIRECTED to maintain docket number 244 under seal.

DATED this 19th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE