THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent PANASONIC AVIONICS CORPORATION, for Use in Foreign Proceedings, with ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP. as Intervenor. | CASE NO. C17-1453-JCC<br><br>ORDER |

This matter comes before the Court on Astronics Advanced Electronic Systems Corp.'s ("AES") motion for reconsideration (Dkt. No. 256). Such motions are generally disfavored, LCR 7(h)(1), and are only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* For the reasons explained herein, the Court finds manifest error and GRANTS AES's motion.

In June 2021, in response to Lufthansa Technik AG's motion to compel, (Dkt. No. 131), the Court ordered AES to produce "information on sales of peripheral parts." (Dkt. No. 152.) Lufthansa later again moved to compel, in part, because it felt that AES improperly failed to provide it with information relating to the sales of certain equipment. (*See* Dkt. No. 188 at 9.) In response, the Court ordered AES to produce a final "[master product list] for all parts capable of use in AES's EmPower in-seat power system(s)." (Dkt. No. 224 at 4.) Neither order specifically

said that testing equipment must be included in the master parts list. (*See generally id.*) But in July 2023, the Higher Regional Court Karlsruhe issued a judgment in the German litigation underlying this matter. (*See* Dkt. No. 258-1.) There, that court made clear that "Em-TestTM test devices" were relevant in determining damages from AES's infringing sales. (*Id.* at 8.) And based on this, AES added information on sales of "Em-Test" testing devices to its master product list. (*See, e.g.,* Dkt. No. 241 at 7.) However, Lufthansa wanted more. Specifically, it sought sales information for *all* testing equipment, not just that equipment labeled "Em-Test" testing equipment. (*Id.*)

In October 2023, Lufthansa again moved to compel, this time explicitly seeking the production of sales information for all testing equipment. (*See* Dkt. No. 232.) It also asked for sanctions, arguing that the Court previously ordered AES to produce this information. (*Id.*) In response, the Court ordered AES to produce sales information for *all* testing equipment, not just "Em-Test" testing equipment, and it sanctioned AES for not doing so earlier. (Dkt. No. 254 at 3.) AES now moves for reconsideration of that portion of the Court's October ruling. (Dkt. No. 256.) It argues that the Court did not specifically order it to produce sales information for all testing equipment. (*Id.* at 2.) Thus, it would be manifest error to sanction it for not doing so. (*Id.*)[1]

AES concedes the Court ordered it to produce information relating to all "'peripheral parts at issue in the German proceeding.'" (Dkt. No. 256 at 2 (quoting Dkt. No. 152 at 4).) But it challenges (1) whether the Court sufficiently defined "peripheral parts" for sanctions to now attach and (2) whether the German judgment referenced above puts all testing equipment at issue, since it only mentioned "Em-Test" testing equipment. (*Id.* at 2–4.) Lufthansa responds that, from its perspective, testing equipment was clearly covered by the Court's June 2021 order

---

[1] Indeed, for the Court to sanction a party for a discovery violation, the movant must show, through clear and convincing evidence, that the nonmoving party violated a specific and definite order. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

and, regardless, the distinction between "Em-Test" testing equipment and other testing equipment is illusory—the German judgment merely offers an example in a non-exhaustive list. (Dkt. No. 260 at 2–6.) To be clear, in the Court's view, all testing equipment is, and always was, a peripheral part subject to Lufthansa's production request(s). But, in retrospect, nothing in a previous order specifically and definitely explained this. (*See generally* Dkt. Nos. 152, 224.) Thus, it was manifest error for the Court to impose sanctions for not producing information related to these items earlier.

    For the foregoing reasons, AES's motion for reconsideration (Dkt. No. 256) is GRANTED and the portion of Docket Number 254 imposing sanctions is VACATED.

DATED this 11th day of December 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE